# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANGELO BROTHERS, Inc., | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-1198 |
| v. | (JUDGE CAPUTO) |
| PLATTE RIVER INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

Presently before this Court are two motions: a Motion to Dismiss or for Summary Judgment by Defendant Platte River Insurance Company (Doc. 6); and a Motion for Summary Judgment by Plaintiff DeAngelo Brothers, Inc. (Doc. 9.) Because a review of the record demonstrates that dismissal or summary judgment is inappropriate at this time, both motions will be denied. This Court has jurisdiction by way of the parties diversity and amount in controversy pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The facts alleged in Plaintiff's Complaint are as follows:

In April of 2006, V-Tech Services, Inc., ("V-Tech"), a Pennsylvania corporation,[1] contracted with the Pennsylvania Department of Transportation ("PennDOT") to provide vegetation management services for a period of three years. (Compl. ¶ 5, Doc. 1.) DeAngelo Brothers, Inc. ("DBI") in turn subcontracted with V-Tech to complete this work. (*Id.* ¶ 1.) DBI is a Pennsylvania corporation with a principal place of business in Pennsylvania.

---

[1] While not specified in the complaint, presumably V-Tech is also a Pennsylvania corporation given counsel's argument that including V-Tech would defeat diversity.

(*Id.* ¶ 1.) DBI provided services to V-Tech under the subcontractor agreement during 2006, 2007, and 2008. (*Id.* ¶ 9.) V-Tech did not pay DBI for "certain invoices from 2006 or any invoices for 2008." (*Id.* ¶ 10.)

Defendant Platte issued a performance and payment bond to V-Tech with respect to the aforementioned vegetation management contract. (Compl. ¶ 6.) The bond defines a potential claimant as "one having a direct contract with [V-Tech] for labor, material or both used in performance of the contract [with PennDOT]." (*Id.* ¶ 8.) The bond continues that a claimant "who has not been paid in full before the expiration of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this Bond for such sums as may be justly due claimant." (*Id.*) More than ninety (90) days have passed since DBI completed its last work. (*Id.* ¶ 12.) Defendant Platte asserts that DBI failed to properly perform its duties under the subcontractor agreement. (Doc. 6, ¶ 11.) Platte also asserts that DBI "falsely and with malice began a smear campaign whereby Plaintiff wrote and spoke to PennDOT officials about V-Tech allegedly performing inadequately and/or non-performance, which constitutes libel and slander, *per se*." (Doc. 6, ¶ 15.)

On January 28, 2009, DBI filed a complaint in the Court of Common Pleas of Luzerne County against V-Tech for breach of contract and other actions. (Doc. 6, ¶ 13.) On June 24, 2009, DBI filed this action in the District Court for the Middle District of Pennsylvania against Platte under the bond. (Doc. 1.) Platte filed a Motion to Dismiss or for Summary Judgment on July 21, 2009. (Doc. 6.) DBI filed a Motion for Summary Judgment on July 28, 2009. (Doc. 9.) Both motions have been fully briefed, and are now ripe for disposition.

2

**LEGAL STANDARD**

**I.      Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  FED. R. CIV. PRO. 12(b)(6).  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the

motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## II. Motion for Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56©. A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a

4

genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

**I. Platte's Motion to Dismiss**

Platte makes two arguments why DBI's Complaint should be dismissed. First, Platte argues that DBI has failed to join an indispensable party under Rule 19. Second, Platte argues that DBI fails to state a claim for relief for failing to comply with the notice requirements of 8 PA. CONS. STAT. § 194.

    A. Indispensable Parties Under Rule 19

Platte argues that the principal, V-Tech, is an indispensable party under Federal Rule of Civil Procedure 19, and therefore that this action should be dismissed. If V-Tech was an indispensable party, then this action should likely be dismissed under Rule 19(b) because both parties seem to assume that including V-Tech would defeat the diversity.[2] Fed. R. Civ. Pro. 19(b). DBI argues correctly, however, that V-Tech is *not* an indispensable party to this action.

"In the absence of limitations or restrictions in the contract of suretyship, the liability of a surety is coextensive with that of the principal." 46 PA. L. ENCY., *Suretyship* § 58; *Downer v. United States Fidelity & Guaranty Co.*, 46 F.2d 733 (3d Cir. 1931); *N. Am. Specialty Ins. Co. v. Chichester Sch. Dist.*, 158 F. Supp. 2d 468 (E.D. Pa. 2001). **"**In an action by a subcontractor against a surety, the principal is not an indispensable party." *Gateco, Inc. v. Safeco Ins. Co. of Am.*, No. 05-2869, 2006 U.S. Dist. LEXIS 23386, at *9 (E.D. Pa. Apr. 25, 2006) (citing *Downer v. U.S. Fid. & Guar. Co.*, 46 F.2d 733, 734-35 (3d Cir. 1931); *C. Arena & Co. v. St. Paul Fire & Marine Ins. Co.*, No. 91-7425, 1992 U.S. Dist.

---

[2] DBI also argues that Platte could choose to join V-Tech as a third-party without defeating diversity.

6

LEXIS 18577, 1992 WL 368455, at *4 (E.D. Pa. 1992); *123 S. Broad St. Corp. v. Cushman & Wakefield*, 121 F.R.D. 42, 43 (E.D. Pa. 1988); *FinanceAmerica Credit Corp. v. Kruse Classic Auction Co., Inc.*, 428 F. Supp. 135 (E.D. Pa. 1977)).

The Third Circuit Court of Appeals in *Downer* addressed exactly this point stating:

> It is no answer or defense that the plaintiff has not chosen to pursue the principal first, if he is following a remedy given by the bond. Murfree on Official Bonds says in § 683: 'It is not generally necessary, in order to obtain judgment upon an official bond against the sureties, that a judgment against the principal be produced in evidence, or that he be a party to the suit against the sureties. Their liability is direct and not collateral, their bond is joint and several and all that is necessary to obtain a judgment against them is to show a breach by the principal of the condition of the bond, for their undertaking is that such a breach should not occur, and it is immaterial whether the principal is before the Court or not.'

*Downer v. U S Fidelity & Guaranty Co of Maryland*, 46 F.2d at 734 (3d Cir. 1931). The *Downer* Court continued that "[w]hen, by the terms of the instrument, the obligation of the surety or guarantor is the same as that of the principal, then, as soon as the principal is in default, the surety or guarantor is likewise in default and may be sued immediately and before any proceedings are had against the principal." *Id.* at 735.

Here, the bond agreement between Platte and V-Tech makes clear that Platte may be held liable independent of V-Tech. (Doc. 17, Ex. A). This Court may consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Platte does not argue that the contract provided by DBI is incorrect, nor that the bond does not state that "[a] claimant . . . who has not been paid in full . . . may sue on this bond for such sums as may be justly due claimant." (Doc. 17, Ex. A). The bond makes it clear

7

that an action may be brought directly against Platte without first (or jointly) going after V-Tech.

Platte also argues that because they would be entitled to indemnification from V-Tech, this would also make them an indispensable party. As a matter of law, "[a] defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19." *Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1054 (3d Cir. 1988). Platte's Motion to Dismiss on grounds of a Rule 19 indispensable party will be denied.

B.  Notice Requirements of 8 PA. CONS. STAT. § 194

Platte next argues that DBI's claim should be barred under Rule 12(b)(6) for failure to state a claim because DBI did not provide the proper written notice under 8 PA. CONS. STAT. § 194 (2009). The relevant language at § 194(b) states:

> (b) Any claimant who has a direct contractual relationship with any subcontractor of the prime contractor who gave such payment bond or other financial security *but has no contractual relationship, express or implied, with such prime contractor* may bring an action on the payment bond or other financial security only if he has given *written notice to such contractor* within ninety days from the date on which the claimant performed the last of the labor or furnished the last of the materials for which he claims payment, stating with substantial accuracy the amount claimed and the name of the person for whom the work was performed or to whom the material was furnished.

8 PA. CONS. STAT. § 194(b) (emphasis added). As DBI argues, the requirement of "written notice" applies only to those who provide services to a subcontractor, but have no direct contractual with the prime contractor. Here DBI worked directly with the prime contractor, V-Tech, and the language of § 194(b) is not applicable. Platte's Motion to Dismiss for failure to provide written notice will be denied.

8

## II. Platte's Motion for Summary Judgment (Dismissal) on Abstention

In addition to the arguments for dismissal, Platte also requests an entry of summary judgment arguing that the "litigation is not ripe" until the Pennsylvania court enters judgment against V-Tech, thereby declaring the amount owed by Platte. In furtherance of this argument, Platte makes references to the doctrine of *res judicata*. While Platte is correct that a state court judgment directly on the factual issues in this dispute would likely have preclusive effect on this action, because there is not yet any final determination on the merits *res judicata* is not applicable. Platte's concerns about parallel proceedings in state and federal courts on similar factual circumstances are instead addressed by the doctrine of abstention. Under the doctrine of abstention, the potential "relief" available would be either to stay or dismiss the federal action. Therefore, Platte's argument will be considered as a motion to stay or dismiss under the doctrine of abstention.

"Federal district courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *IFC Interconsult, AG v. Safeguard Int'l Partners,* LLC, 438 F.3d 298, 305 (3d Cir. 2006) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). In *IFC Interconsult*, the Third Circuit Court of Appeals outlined the doctrine of abstention as applicable to four situations: (1) "cases that present federal constitutional issues that might be mooted or presented in a different posture by a state court determination of pertinent state law," *see R.R. Comm'r v. Pullman Co.*, 312 U.S. 416 (1941); (2) "cases that present difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case at bar," *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); (3) "cases in which federal jurisdiction has been invoked for the purpose of restraining valid, good faith state criminal proceedings," *see Younger v.*

*Harris*, 401 U.S. 37 (1971); and (4) "cases in which abstention might be proper out of respect for considerations of [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," *see Colorado River*, 424 U.S. at 800. *IFC Interconsult*, 438 F.3d at 305 (quotations and citations drawn from opinion). Among the four potential types of abstention only the fourth, *Colorado River* abstention, is relevant here.

The threshold requirement for a district court to even entertain abstention is a contemporaneous, parallel judicial proceeding. *IFC Interconsult*, 438 F.3d at 306; *Colorado River*, 424 U.S. at 800. The proceedings must have substantial similarity of parties, claims, and time. *IFC Interconsult*, 438 F.3d at 306. "Parallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *Yang v. Tsui*, 416 F.3d 199, 205 (3d Cir. 2005) (quoting *Timoney v. Upper Merion Twp.*, 66 Fed. Appx. 403, 405 (3d Cir. 2003)). In the present case, the contemporaneous state and federal actions clearly satisfy the time requirement. While the defendants in each case are slightly different, the underlying contract dispute and defenses will substantially overlap. For example, a judgment in the state case against V-Tech will likely have a preclusive effect on key issues of this litigation. For the purpose of abstention, I find that these proceedings are parallel. However, parallel proceedings are only the first step in considering *Colorado River* abstention; there must also be a finding of exceptional circumstances.

"*Colorado River* abstention must be grounded on more than just the interest in avoiding duplicative litigation." *Spring City Corp. v. American Buildings Co.*, 193 F.3d 165, 171-72 (3d Cir. 1999). In *Spring City*, the Third Circuit Court of Appeals noted that the duplicative litigation concern was given great importance in *Colorado River*, a water rights case, only because of the presence of a clear federal policy contained in the McCarran Act

10

to avoid the piecemeal adjudication of water rights. *Id.* at 172. The court concluded that the presence of duplicative litigation, without more, cannot constitute exceptional circumstances. *Id.* Rather, " '[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a *res judicata* or collateral estoppel effect on the other action.' " *Id.* (quoting *University of Maryland v. Peat Marwick Main & Co.*, 923 F.2d 265, 275-76 (3d Cir.1991)).

When considering whether there are exceptional circumstances, an evaluation of the following factors is appropriate:

> (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Timoney v. Upper Merion Twp.*, 66 Fed. Appx. 403, 406 (3d Cir. 2003) (quoting *Spring City*, 193 F.3d at 171). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River Water Conservation District v. United States*, 424 U.S. at 818-819. In considering these factors, there is nothing exceptional about the parallel state and federal proceedings in this case. The first factor is irrelevant, as there is no *res* or specific property in dispute. The second factor is neutral, as there is no suggestion that this Court sitting in the Middle District of Pennsylvania is any less convenient than the Luzerne County Court of Common Pleas. At first glance the third factor appears to be in favor of abstention, however, this factor is only important when there is a

11

clear congressional mandate for consistency, as was found in *Colorado River* in the McCarran Act. *See Spring City*, 193 F.3d at 172; *Ryan v. Johnson*, 115 F.3d 193, 197 (3d Cir. 1997) (abstention only where there is a "strong federal policy against piecemeal litigation"). The fourth factor weighs slightly in favor of abstention, as the state case started a few months prior to the federal action. Because of the relatively similar filing dates and stages of litigation in each action, however, this factor does not carry much weight. The fifth factor also weighs slightly in favor of abstention, as the contract and bond issues in the case will be matters of state law. But because this area of state law is well settled, there is no reason why this Court would not be equally capable of applying it to the present dispute. The sixth and final factor weighs slightly against abstention, since the interests of Platte will likely, but not necessarily, be represented by V-Tech as it acts in its own defense. The interests of DBI will be adequately considered either by this Court or before the state tribunal. Considering the factors overall, there is nothing exceptional which would warrant abstention in light of the "virtually unflagging obligation" to exercise jurisdiction of this case. *See Colorado River*, 424 U.S. at 817.

While the actions before the state and federal courts are parallel in this instance, the exceptional circumstances requirement for *Colorado River* abstention is not satisfied. Therefore, Platte's Motion for Summary Judgment relating to this issue will be denied.

### III. DBI's Motion for Summary Judgment

DBI also makes a motion for summary judgment. (Doc. 9.) As set forth above, there must be no genuine questions of material fact for this Court to grant summary judgment. At the present time, there are still questions of material fact as to the amount of liability, if any, on the part of Platte. For this reason, DBI's motion for summary judgment will be denied.

"A surety is bound only to the extent and in the manner and under the circumstances set forth in the agreement of suretyship." 46 PA. L. ENCY. *Suretyship* § 58 (2009). "A surety may assert any defense of which its principal could take advantage." *Id.*; *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438 (E.D. Pa. 1999); *General Equip. Mfrs. v. Westfield Ins. Co.*, 635 A.2d 173 (Pa. Super. Ct. 1993). In the present case, DBI is entitled only to "such sums as may be justly due claimant." (Doc. 17, Ex. A.) Platte will have the opportunity to raise any defenses applicable on behalf of the principle, V-Tech. At present, there are genuine questions of material fact as to the performance of DBI on the contract. This in turn could impact the amount "justly due" to DBI. While DBI asserts that it should be entitled to the entire amount stated in its Complaint, this assumes that there are no available defenses or circumstances which would mitigate the amount owed. While the failure to respond to some facts by Platte, such as the fact that V-Tech has been paid by PennDOT and that V-Tech made no formal written complaints about DBI's performance, provides evidence in DBI's favor, these facts standing alone do not eliminate all questions of material fact as to there performance. Because there are still genuine questions of material fact as to the amount, if any, owned to DBI, DBI's Motion for Summary Judgment will be denied.

## CONCLUSION

For the reasons stated above, Platte's Motion to Dismiss or for Summary Judgment, and DBI's Motion for Summary Judgment will be denied.

An appropriate Order follows.

  October 30, 2009                                           /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                                  United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANGELO BROTHERS, Inc., | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-1198 |
| v. | (JUDGE CAPUTO) |
| PLATTE RIVER INSURANCE COMPANY, | |
| Defendant. | |

## ORDER

**NOW**, this  30th  day of October, 2009, **IT IS HEREBY ORDERED** that:

(1) Defendant's Motion to Dismiss or for Summary Judgment (Doc. 6) is **DENIED**.

(2) Plaintiff's Motion for Summary Judgment (Doc. 9) is **DENIED**.


                                       /s/ A. Richard Caputo
                                       A. Richard Caputo
                                       United States District Judge