**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DEANGELO BROTHERS, INC.,

    Plaintiff,

    v.

PLATTE RIVER INSURANCE COMPANY,

    Defendant,

    v.

V-TECH SERVICES, INC., UTILITY LINE
CLEARANCE, INC., THANH H. NGUYEN,
and TRANG NGUYEN,

    Third-Party Defendants.

CIVIL ACTION NO. 3:09-CV-1198

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before this Court are four motions: (1) Plaintiff DeAngelo Brothers, Inc.'s ("DBI") Motion for Summary Judgment (Doc. 38); (2) Third-Party Defendants Utility Line Clearance, Inc. and Trang Nguyen's (hereinafter "the Utility Defendants") Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 44); (3) DBI's Motion to Dismiss Cross-claim of Third Party Defendant (Doc. 58); and (4) DBI's Motion to Stay Discovery Pending Disposition of DBI's Motion to Dismiss V-Tech's Cross-Claim (Doc. 72). For the reasons discussed below, these motions will be granted in part and denied in part.

This Court has jurisdiction over the original action pursuant to 28 U.S.C. § 1332, and has jurisdiction over the remaining claims pursuant to 28 U.S.C. §§ 1332 and 1367.[1]

---

[1] The Court notes that while DBI and the Third-Party Defendants are not diverse, and thus DBI could not bring claims against them without defeating diversity, the V-Tech's cross-claims against DBI are permitted pursuant to 28 U.S.C. § 1367.

**BACKGROUND**

**I.    Factual Background**

The facts relevant to the present motions, as alleged in DBI's Complaint, Platte's Third-Party Complaint, and V-Tech Services, Inc.'s ("V-Tech") Cross-claim, are as follows:

In April of 2006, V-Tech contracted with the Pennsylvania Department of Transportation ("PennDOT") to provide vegetation management services for a period of three years.  (Compl. ¶ 5, Doc. 1.)  V-Tech then subcontracted with DBI to complete this work. (Compl. ¶ 1.)  Platte issued a performance and payment bond to V-Tech with respect to the aforementioned vegetation management contract.  (Compl. ¶ 6.)  The bond defines a potential claimant as "one having a direct contract with [V-Tech] for labor, material or both used in performance of the contract [with PennDOT]."  (Compl. ¶ 8.)  The bond continues that a claimant "who has not been paid in full before the expiration of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this Bond for such sums as may be justly due claimant."  (Compl. ¶ 8.)  On February 3, 2009, Platte entered into a General Indemnity Agreement ("GIA") with V-Tech, V-Tech's owner Tranh H. Nguyen, Utility Line Clearance, Inc. ("Utility"), and Utility's owner Trang Nguyen.[2]  (Third-Party Compl. ¶ 18, Doc. 30.)  The GIA required indemnification, when requested, "for and from any and all liability therefore, sustained or incurred by [Platte] by reason of executing or procuring the execution of any said Bond(s) . . . which maybe already or hereafter are executed."  (Third-Party Compl. ¶ 19; GIA at 1, Doc. 30, Ex. 3.)

---

[2]  Tranh and Trang Ngueyn are husband and wife, but there does not appear to be any business connection between V-Tech and Utility.  (Utility Def. Br. in Supp. at 6, Doc. 46.)

DBI provided services to V-Tech under the subcontract agreement during 2006, 2007, and 2008. (Compl. ¶ 9.) V-Tech, however, did not pay DBI for "certain invoices from 2006 or any invoices for 2008," totaling $455,283.21. (Compl. ¶¶ 10, 15.) Platte and V-Tech assert that DBI failed to properly perform its duties under the subcontract agreement. (Platte's Answer ¶¶ 50-51, Doc. 21; Cross-claim ¶¶ 52-59, Doc. 48.) V-Tech also asserts that DBI falsely and with malice began a smear campaign against V-Tech by writing and speaking to PennDOT officials alleging that V-Tech was performing PennDOT's contract inadequately. (Cross-claim ¶¶ 67-68.)

## II.    Procedural Background

DBI filed the present action against Platte on June 24, 2009, seeking to recover through the bond agreement the sums not paid by V-Tech. (Doc. 1.) On January 5, 2010, Platte filed a Third-Party Complaint against V-Tech, Utility, and the Nguyens, seeking indemnification pursuant to the GIA. (Doc. 30.) On March 23, 2010, V-Tech filed an answer to the Third-Party Complaint, as well as a cross-claim against DBI, alleging that DBI breached its contract with V-Tech by performing inadequate services and that DBI did so fraudulently and with the intent to harm V-Tech's reputation. (Doc. 48.) Each of the present motions, with the exception of DBI's motion to stay, have been briefed. Therefore, each of the four motions are ripe for disposition.


## LEGAL STANDARD

## I.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P.

3

12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat*

4

*Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## II.      Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment

5

as a matter of law.  *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *Anderson*, 477 U.S. at 256-57.  The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

## DISCUSSION

The Court will discuss each of the four motions presently before it seriatim.

### I.  DBI's Motion for Summary Judgment (Doc. 38)

DBI requests that summary judgment be entered in its favor on its claim against Platte because Platte has "admitted in the record before this Court there are no genuine issues of material fact."  (DBI's Mot. for Summary Judgment ¶ 3, Doc. 38.)  Platte argues that

disposition of DBI's claim under a summary judgment standard is inappropriate at this time because discovery has not yet been completed. I agree. As stated in this Court's prior Memorandum and Order (Doc. 20), a surety such as Platte may raise any defense available to its principal. *General Equip. Mfrs. v. Westfield Ins. Co.*, 635 A.2d 173 (Pa. Super. Ct. 1993). Platte argues that DBI did not properly complete its contract with V-Tech, and therefore, that it does not owe DBI the requested sum. Platte has provided an affidavit, pursuant to Federal Rule of Civil Procedure 56(f), demonstrating its need to complete further discovery so that it may provide evidence in support of its defense. (Doc.54.) I agree that discovery may lead to information relevant to Platte's defense, such as evidence of DBI's failure to perform, currently held by V-Tech or others.

DBI argues that Platte has "admitted" that there are no genuine disputes of fact as to DBI's performance because Platte has failed to produce any supporting evidence, despite DBI's written discovery requests for such information. Platte argues that it has not failed to produce relevant information because V-Tech, not Platte, has the information relevant to DBI's performance. Even if Platte failed to produce relevant evidence in its possession, standing alone that would not establish that no genuine factual dispute exists. Instead, the failure to disclose discoverable information would provide the opposing party with the opportunity to move to compel disclosure and possibly to seek sanctions under Federal Rule of Civil Procedure 37. Considering the early stage of these proceedings and Platte's affidavit that it needs to complete further discovery to obtain evidence regarding DBI's performance, I find that it would be premature to determine no genuine dispute of facts exists as to DBI's performance at this time. DBI's motion for summary judgment will be denied, without prejudice, as premature pursuant to Federal Rule of Civil Procedure 56(f).

**II.** **Utility Defendants' Motion to Dismiss and for Summary Judgment (Doc. 44)**

The Utility Defendants' motion requests the dismissal of Platte's Third-Party Complaint, or in the alternative requests that judgment be entered in their favor. The Utility Defendants argue: (1) that the GIA is not enforceable because it was not supported by valid consideration; (2) that the Third-Party Complaint impermissibly relies upon the allegations of another complaint without specifically re-pleading the allegations; (3) that the defense of laches precludes Platte from seeking its claim at this time. I will address each of these claims in turn. Because the GIA was attached to the Third-Party Complaint, this Court may consider it when deciding the Utility Defendants' motion.

A. Lack of Consideration

The Utility Defendants first argue that the GIA was not supported by valid consideration, and therefore, that the GIA is unenforceable. Platte argues that because the GIA was executed under seal, it need not be supported by other consideration. Under Pennsylvania law, where a contract is executed under seal, a party may not raise as a defense a lack or want of consideration. *SKF USA, Inc. v. Workers' Comp. Appeal Bd. (Smalls)*, 714 A.2d 496, 501 (Pa. Commw. Ct. 1998) (citing *Barnhart v. Barnhart*, 101 A.2d 904 (Pa. 1954)). Unless there is evidence of fraud, the presence of the seal defeats a defense based upon lack of consideration. *Yulsman v. Du Bois*, 30 A.2d 323, 324 (Pa. 1943). Here the GIA is clearly signed "at their hands and seals on the 3rd day of February 2009." (GIA at 4, Doc. 30, Ex. 3.) The presence of such a formal seal defeats the Utility Defendants' arguments as to lack of consideration, and therefore, their motion to dismiss or for summary judgment under this theory will be denied.

8

B.  Relying Upon Allegations of Another Complaint

The Utility Defendants next argue that Platte fails to allege with sufficient specificity the allegations of DBI's underlying complaint, and that Platte impermissibly attempts to satisfy the pleading requirements by merely attaching DBI's underlying complaint.  Platte argues that it has sufficiently plead a cause of action pursuant to the Federal Rules of Civil Procedure.  The Utility Defendants cite *Toberman v. Copas*, 800 F.Supp. 1239 (M.D. Pa. 1992), in support of their argument that Platte's complaint is insufficient. That decision, however, is distinguishable from the present action.  *Toberman*, 800 F.Supp. at 1243.  In that case, the third-party complaint contained "no factual allegations at all" and failed to even incorporate by reference the underlying complaint.  *Id.* at 1244.  Here Platte's complaint alleges facts relevant to its claim, such as the facts surrounding the formation of the GIA, and alleges why the Utility Defendants would be obligated to indemnify Platte from DBI's claim.  (Third-Party Compl. ¶¶ 9-27.)  Furthermore, unlike in *Toberman* the underlying complaint and the bond agreement are specifically incorporated. (Third-Party Compl. ¶¶ 14, 18.)  Pursuant to Rule 10, these written instruments are "a part of the pleading for all purposes."  FED. R. CIV. P. 10(c).  I find that Platte's complaint alleges facts with sufficient clarity to support its claims, and does not impermissibly rely upon the allegations in DBI's underlying complaint.  The Utility Defendants' motion to dismiss on this theory will be denied.

C.  Laches (Failure to Disclose)

The Utility Defendants' final argument is that the defense of laches bars Platte's attempt to enforce the GIA against them.   They argue that by entering into the indemnification agreement after DBI filed its legal action against Platte, without disclosing the existence of that litigation, the Utility Defendants were prejudiced.  "Laches is an

9

equitable doctrine that bars relief when a complaining party is guilty of want of due diligence in failing to promptly institute an action to the prejudice of another." *Stilp v. Hafer*, 718 A.2d 290, 292 (Pa. 1998) (citation omitted). As a threshold matter, the Utility Defendants argument will not be considered under the doctrine of laches because it cannot be said that Platte failed to "promptly institute" the present action. Instead, the Utility Defendants' arguments will be considered as to whether Platte committed fraud by failing to disclose existence of the DBI litigation at the time the GIA was signed.

Platte argues that even if it acted as the Utility Defendants allege, it had no duty to disclose the existence of the DBI litigation or any potential litigation. "'[A]n omission is actionable as fraud only where there is an independent duty to disclose the omitted information.'" *Duquesne Light Co. v. Westinghouse Elec.* Corp., 66 F.3d 604, 612 (3d Cir. 1995) (quoting *Estate of Evasew v. Evasew*, 584 A.2d 910, 913 (Pa. 1990)). Generally, such a duty is found where there was a special relationship between the parties, such as a fiduciary relationship, or where one party has an affirmative duty to disclose as a matter of law. *See e.g., Estate of Evasew*, 584 A. 2d at 913 (parties seeking to benefit from fiduciary or confidential relationships must demonstrate that the relationship was "fair, conscientious, and beyond the reach of suspicion"); *Smith v. Renaut*, 564 A.2d 188, 192 (Pa. Super. Ct. 1989) ("Under Pennsylvania law, a seller has an affirmative duty to disclose a known termite infestation."). Where instead the parties are sophisticated and each may discover any necessary information, no duty to disclose attaches. *Duquene*, 66 F. 3d at 612. Here the parties were business entities each with access to information regarding the risk of future litigation against Platte. Furthermore, if, as argued by the Utility Defendants, the litigation with DBI had been filed, then that litigation would have been a matter of public record that

10

was available for examination by the Utility Defendants before entering into the GIA. I find Platte had no duty to disclose to the Utility Defendants the risk or existence of litigation by DBI. Therefore, the Utility Defendants' motion to dismiss on this theory will be denied.

Because none of the arguments raised by the Utility Defendants establish that Platte's Third-Party Complaint should be dismissed or that summary judgment should be granted in their favor, their motion will be denied.

## III. DBI's Motion to Dismiss (Doc. 58)

DBI argues that Counts II, III, IV, V, and VI in V-Tech's cross-claim (Doc. 48) should be dismissed under the "gist of the action" doctrine, for failure to file within the relevant statute of limitations, and for failure to state a claim. I will consider each Count in turn.

A. Intentional Interference with Contractual Relationships[3] (Counts II and III)

DBI first argues that V-Tech's claims for interference with contractual relationships are barred by the "gist of the action" doctrine. The "gist of the action" doctrine separates breach of contract from tort claims. *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 530 F.3d 204, 229 (3d Cir. 2008) (citation omitted). The doctrine bars tort claims:

> (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

*First United Bank and Trust v. The PNC Financial Services Group, Inc.*, 667 F. Supp. 2d 443,

---

[3] The Supreme Court of Pennsylvania recognizes two distinct torts with respect to tortious interference with contract, one for existing contractual rights and another for prospective contractual relations. *See U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 925 (3d Cir. 1990). Because of the similarity of these two claims, I will consider both here.

449 (M.D. Pa. 2009) (citing *Hart v. Arnold*, 884 A.2d 316, 340 (Pa. Super. Ct. 2005)).  V-Tech argues that it has sufficiently alleged a separate claim for tortious interference with contractual relations.  Some of V-Tech's allegations relating to DBI's contract performance fall under the "gist of the action" doctrine, and therefore, may not form the basis of a separate tort action.  *See e.g.*, *Prudential Ins. Co. Of Am. v. Stella*, 994 F. Supp. 318 (E.D. Pa. 1998) ("where a defendant's breach of his contract with the plaintiff has only an incidental consequence of affecting plaintiff's business relationships with third persons, an action lies only in contract for defendant's breaches, including any recoverable consequential damages.").  V-Tech has also alleged other conduct by DBI, beyond the breach of its contractual obligations, that interfered with V-Tech's contractual relationship with PennDOT.  For example, V-Tech alleges that DBI contacted PennDOT directly about the quality of V-Tech's performance and the adequacy of V-Tech's equipment with the specific intent to undermine V-Tech's current and future contracts with PennDOT.  (Cross-claim ¶¶ 73-74.) This alleged conduct cannot be said to arise solely from duties created by the contract, nor from the failure to complete contractual obligations.  Therefore, as to Counts II and III, the "gist of the action" doctrine does not bar V-Tech's claims.

DBI next argues that V-Tech's claim was filed beyond the statute of limitations.  To prevent parties from avoiding the one (1) year statute of limitations on defamation claims, where a claim for interference with contractual relations is predicated upon an allegedly defamatory statements, the one (1) year statute of limitations for defamation applies.  *Evans v. Phila. Newspapers, Inc.*, 601 A.2d 330, 339 (Pa. Super. Ct. 1991).  Similarly, to avoid inconsistent application of the statute of limitations, because the continuing violations doctrine does not apply to actions for defamation, an action for contractual interference

because of defamatory statements must be brought within one year from the publication of the offending material.  *See Jannuzzi v. Borough of Edwardsville*, No. 3:09-cv-970, 2009 U.S. Dist. LEXIS 106166, at * 14 (M.D. Pa. Nov. 13, 2009) (citing *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002)) (continuing violations doctrine does not apply to actions for defamation).  Because V-Tech's cross-claim was filed on March 23, 2010, any claims based upon alleged defamatory statements published before March 23, 2009 would be barred by the statute of limitations.  (Doc. 48.)  Both of the specific examples alleged by V-Tech occurred before March 23, 2009.  (Cross-claim ¶ 72, 73.)  V-Tech also alleges that DBI made "additional statements by e-mail" (Cross-claim ¶ 74) and made other communications to Platte about V-Tech's vehicles (Cross-claim ¶ 76).   Based solely upon V-Tech's allegations this Court cannot determine when these additional statements were made, and therefore, it cannot be said that all of the allegations are barred by the statute of limitations.

DBI also argues that V-Tech fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Under Pennsylvania law, to state a claim for interference with existing contractual relations, and plaintiff must allege:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

*CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 384 (3d Cir. 2004).  Similarly, to state a claim for interference with prospective contractual relations, the plaintiff must prove the following elements: "(1) a prospective contractual relation; (2) the

purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 471 (Pa. 1979).  As noted above, all allegations relating to DBI's breach of its contractual duties and allegations of defamatory statements occurring before March 23, 2009 may not support V-Tech's claims for tortious interference with contractual relations. Without considering such allegations, V-Tech sufficiently alleges: (1) the existence of a contract or a prospective contract between V-Tech and PennDOT (Cross-claim ¶¶ 63, 80-81); (2) purposeful action by DBI to harm that contractual relationship (Cross-claim ¶¶ 72-77); (3) the absence of privilege or justification (Cross-claim ¶ 78); and (4) actual legal damage as a result (Cross-claim ¶¶ 77, 82).  Therefore, V-Tech has sufficiently alleged claims for interference with existing and prospective contractual relations.

DBI raises three additional arguments in support of its contention that V-Tech fails to state a claim for relief.  First, DBI argues that V-Tech's allegations lack the required specificity.  DBI is incorrect, however, when it argues that V-Tech must allege the exact defamatory statements that were made. *Reager v. Williams*, No. 3:09-cv-2035, 2009 U.S. Dist. LEXIS 88753, at * 13 (M.D. Pa. Sept. 25, 2009) (citation omitted) (defamation claim in federal court does not require that the precise defamatory statements to be plead so long as the allegations provide notice).  While V-Tech's remaining allegations allege only that DBI made "additional statements by e-mail" (Cross-claim ¶ 74), and made other communications to Platte about V-Tech's vehicles (Cross-claim ¶ 76), reading the allegations as a whole they are sufficient to provide notice to DBI of the nature of V-Tech's claim, and therefore, are sufficient.  Second, DBI argues that any statements made to PennDOT were privileged, and

14

therefore, not actionable. DBI correctly argues that statements made as part judicial or quasi-judicial proceedings are privileged may not be used against the speaker to establish a tort claim. *Doe v. Wyoming Valley Health Care System, Inc.*, 987 A.2d 758, 766 (Pa. Super. Ct. 2009). The mere fact that PennDOT is a governmental agency, however, does not establish that the alleged statements by were made in a judicial or quasi-judicial proceeding. *See e.g.*, *Foster v. JLG Industries, Inc.*, 199 Fed. Appx. 90, 93 n. 4 (3d Cir. 2006) (privilege for statements made to quasi-judicial body, the Pennsylvania Human Relations Committee); *Doe*, 987 A.2d at 766 (privilege for statements during judicial proceedings). DBI cites to no precedent, and I find none, supporting their argument that statements made to PennDOT are part of a judicial or quasi-judicial proceeding. Third, DBI argues that any statements made to Platte's officials cannot support V-Tech's claims of contractual interference. Here I agree with DBI's argument because V-Tech has only alleged interference with its contractual relationship with PennDOT, not with V-Tech's contractual relationship with Platte. That being said, V-Tech raises sufficient allegations of conduct which interfered with its relationship with PennDOT to support its claims.

Many of V-Tech's allegations discuss conduct subsumed in its breach of contract claim by the "gist of the action" doctrine, defamatory statements made beyond the statute of limitations, or statements which did not impact the alleged contractual relationship between V-Tech and PennDOT. V-Tech's remaining allegations, however, sufficiently allege each of the necessary elements for its claims of interference with existing and prospective contractual relationships. Therefore, DBI's motion to dismiss V-Tech's claims at Counts II and III will be denied.

B.  Fraud (Count IV)

DBI next argues that V-Tech's claim for fraud is barred by the "gist of the action" doctrine.  As stated above, the "gist of the action" doctrine bars attempts to bring tort claims essentially arising from a breach of contract.  *First United Bank and Trust v. The PNC Financial Services Group, Inc.*, 667 F. Supp. 2d 443, 449 (M.D. Pa. 2009) (citing *Hart v. Arnold*, 884 A.2d 316, 340 (Pa. Super. Ct. 2005)).  Where fraud is alleged, courts have applied the doctrine by considering whether the fraud concerns the performance of the duties under the contract. *eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002).  If the fraud concerns the contract performance, then courts have held that the fraud is merely collateral to the contract claim.  *Id.*  If instead the fraud is not related to the performance, then courts have held that the action is a separate fraud claim and not merely a recast claim for breach of contract.  *Id.*  Here V-Tech alleges that DBI committed fraud by misrepresenting to V-Tech its ability and intention to perform, as well as its progress in performing, the obligations under the agreement with V-Tech. (Cross-claim ¶¶ 84, 85, 90.) These allegations clearly concern DBI's contract performance, and therefore the "gist of the action" doctrine would bar tort claims based upon those issues.  V-Tech also alleges that DBI misrepresented material facts to PennDOT about V-Tech's abilities and equipment. (Cross-claim ¶¶ 91-92.)  These alleged actions would not relate to the contract performance, and therefore, those portions would not be barred by the "gist of the action" doctrine.

DBI next argues that V-Tech fails to state a claim for relief because those allegations not covered by the "gist of the action" doctrine cannot support such a claim.  Under Pennsylvania law, to establish a claim of fraud a party must allege:

> (1) a false representation of an existing fact or a nonprivileged failure to disclose; (2) materiality, unless the misrepresentation is intentional or involves a nonprivileged failure to disclose; (3) scienter, which may be either actual knowledge or reckless indifference to the truth; (4) justifiable reliance on the misrepresentation, so that the exercise of common prudence or diligence could not have ascertained the truth; and (5) damage to him as a proximate result.

*Wittekamp v. Gulf & W., Inc.*, 991 F.2d 1137, 1142 (3d Cir. 1993). Furthermore, the false representation must be intended to cause the party bringing the claim to act, not merely to influence a third part to act in a detrimental manner. *Westwood-Booth v. Davy-Loewy Lid.*, No. Civ. A. 97-7539, 1999 WL 219897, at * 4 (E.D. Pa. Apr. 13, 1999) (citing *Elia v. Erie Ins. Exch.*, 581 A.3d 209, 212 (Pa. Super. Ct. 1990)). As noted above, any statements by DBI to V-Tech regarding its intent or actual performance under its contract are covered by the "gist of the action" doctrine and may not form the basis of this separate tort claim. Considering only those statements not relating to DBI's performance under its contract with V-Tech, there are no allegations of fraudulent statements made *to V-Tech* upon which *V-Tech* relied. While V-Tech alleges that false statements were made to PennDOT and Platte, intentionally false statements to these third parties, potentially causing these third-parties to act in a manner detrimental to V-Tech, cannot be the basis of a claim by V-Tech. Because all of V-Tech's allegations fall either under the "gist of the action" doctrine or otherwise fail to support a claim for relief, DBI's motion to dismiss Count IV of V-Tech's cross-claim will be granted.

C. Libel (Count V)

DBI argues that V-Tech's claim for libel must be dismissed because it was filed beyond the statute of limitations. The statute of limitations for the tort of defamation is one

17

(1) year from the occurrence of the allegedly tortious act.  42 Pa. C.S.A. § 5523.  The continuing violations doctrine does not apply to actions for defamation, and therefore, an action for libel must be brought within one year from the publication of the offending material. *Jannuzzi*, 2009 U.S. Dist. LEXIS 106166, at *14 (citing *Flowers*, 310 F.3d at 1126).  As discussed above, while the statute of limitations has expired for claims based upon the specific examples cited by V-Tech, this Court is not able to determine whether the other alleged statements were made within the limitations period.  Furthermore, even though V-Tech's specific examples may not support a claim for relief, under the Federal Rules of Civil Procedure V-Tech need not plead specifically what statements were made by DBI. *Reager*, 2009 U.S. Dist. LEXIS 88753, at * 13 (citation omitted).  DBI's motion to dismiss Count V will be denied.

D.  Slander (Count VI)

DBI argues that V-Tech's claims at Count VI should be dismissed for two reasons.  First, DBI argues that V-Tech's complaint fails to state its allegations with the required specificity.  As noted above, however, V-Tech need not allege specifically what statements were made and to whom they were made.   *Reager*, 2009 U.S. Dist. LEXIS 88753, at * 13 (citation omitted).  Second, DBI argues that any statements to PennDOT are covered by absolute privilege.  Also as discussed above, while DBI is correct that statements covered by absolute privilege are not actionable, DBI fails to provide any precedent demonstrating that statements to PennDOT are part of judicial or quasi-judicial proceedings for which privilege applies.  DBI's motion to dismiss V-Tech's claims at Count VI will be denied.

## IV.     DBI's Motion to Stay (Doc. 72)

As discussed above, *see supra* Part III, DBI's motion to dismiss V-Tech's cross-claim (Doc. 58) has now been decided.  Therefore, DBI's motion to stay discovery pending the resolution of that motion will be denied as moot.


## CONCLUSION

For the reasons stated above, the present motions will be granted in part and denied in part.  Specifically, DBI's motion for summary judgment against Platte will be denied as premature, since Platte has not yet had sufficient opportunity to discover evidence relevant to its defense.  The Utility Defendants' motion to dismiss and for summary judgment will be denied because a contract signed under seal does not require consideration, and because Platte's Third-Party Complaint sufficiently alleges a cause of action against them.  DBI's motion to dismiss will be granted in part and denied in part because while many of V-Tech's allegations may not support its claims due to the "gist of the action" doctrine and the statute of limitations, there are sufficient remaining allegations to support each of V-Tech's claims, except for V-Tech's claim of fraud.  Finally, DBI's motion to stay discovery pending its motion to dismiss will be denied as moot as that motion has been resolved.

An appropriate Order follows.


 June 29, 2010                                                 /s/ A. Richard Caputo
Date                                                                A. Richard Caputo
                                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DEANGELO BROTHERS, INC.,

     Plaintiff,

     v.

PLATTE RIVER INSURANCE COMPANY,     CIVIL ACTION NO. 3:09-CV-1198

     Defendant,

     v.     (JUDGE CAPUTO)

V-TECH SERVICES, INC., UTILITY LINE
CLEARANCE, INC., THANH H. NGUYEN,
and TRANG NGUYEN,

     Third-Party Defendants.

<u>**ORDER**</u>

    **NOW**, this   29th   day of June, 2010, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff DeAngelo Brothers, Inc.'s Motion for Summary Judgment (Doc. 38) is **DENIED**, without prejudice, as premature.

(2)    Third-Party Defendants Utility Line Clearance, Inc. and Trang Nguyen's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 44) is **DENIED**.

(3)    DeAngelo Brothers, Inc.'s Motion to Dismiss Cross-claim of Third Party Defendant (Doc. 58) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (a)    As to V-Tech's claims at Count IV, the motion is **GRANTED**.

    (b)    As to the remainder, the motion is **DENIED**.

(4)    DeAngelo Brothers, Inc.'s Motion to Stay Discovery Pending Disposition of DBI's Motion to Dismiss V-Tech's Cross-Claim (Doc. 72) is **DENIED** as moot.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge